United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1882

_____

United States of America,             *
                                           *
         Appellee,           *
                                           *
    v.                      *    Appeals from the United States
                                         *    District Court for the Eastern
Robert Turner,                 *    District of Missouri.
                                         *
         Appellant.         *

_____

No. 97-1888

_____

United States of America,           *
                                           *
         Appellee,           *
                                         *
    v.                      *
                                         *
Guinn Kelly,                 *
                                         *
         Appellant.         *

_____

Submitted: September 11, 1997

Filed: December 5, 1997

_____

Before BOWMAN, Circuit Judge, HENLEY,[1] Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In January, 1995, Robert Turner and Guinn Kelly were indicted on various charges related to allegations that they submitted false time cards that showed more hours than they actually worked at a federal public housing project. Each count against Mr. Turner and Mr. Kelly specified a different pay period; each of the charges against them was brought under 18 U.S.C. § 641 (stealing money from a federal agency), 18 U.S.C. § 1001(a) (making a materially false statement to a federal agency), or 18 U.S.C. § 371 (conspiring with another person to do either or both of the above). A third defendant, Kenneth Givens, was also charged in the indictment.

By the time of trial, a superseding indictment against the three defendants (returned in February, 1995, and designated S1 by the parties) was in effect. On the fourth day of trial, when it appeared that the lawyer for Mr. Givens might have to testify on behalf of all three defendants to impeach a government witness, the trial court declared a mistrial with respect to all three defendants, over the objections of Mr. Turner and Mr. Kelly. The trial court, however, subsequently denied motions by Mr. Turner and Mr. Kelly to dismiss the indictment.

Mr. Turner and Mr. Kelly appealed the trial court's denial of their motions to dismiss. In United States v. Givens, 88 F.3d 608, 612 (8th Cir. 1996), a panel of this court held that no "manifest necessity" existed for declaring a mistrial with respect to Mr. Turner and Mr. Kelly, since their cases could have been severed from that of

_____

[1]Judge Henley died on October 18, 1997. This opinion is consistent with his vote at the panel's conference following oral argument of the case on September 11, 1997.

Mr. Givens (and thus could have proceeded to verdict) without undue prejudice to the government, id. at 613, and without "offending the interests of justice," id. at 614. The panel therefore remanded the cases of Mr. Turner and Mr. Kelly "for further proceedings consistent with [its] opinion." Id.

Approximately four months later, the government returned another superseding indictment (designated S4 by the parties), this one against only Mr. Turner and Mr. Kelly (in the interim, Mr. Givens had pleaded guilty to one count of receiving money with the intent to defraud the federal Department of Housing and Urban Development, see 18 U.S.C. § 1012). Although the factual basis for the charges in S4 (submitting false time cards for pay periods from April, 1993, through March, 1994) is the same as the factual basis for the charges in S1 against Mr. Turner and Mr. Kelly, the individual allegations are different. In S4, some pay periods are added to or dropped from those in S1. With respect to the other pay periods, the charge against a particular defendant shifts from a violation of 18 U.S.C. § 641 (stealing money from a federal agency) in S1 to a violation of 18 U.S.C. § 1001(a) (making a materially false statement to a federal agency) in S4, or vice versa. Finally, in contrast to S1, no conspiracy charges are included in S4; charges of aiding and abetting, see 18 U.S.C. § 2(a), however, which do not appear anywhere in S1, are included in S4.

Mr. Turner and Mr. Kelly moved to dismiss S4 on the grounds of double jeopardy and res judicata. A magistrate judge recommended that the motions be denied. The trial court adopted the recommendations of the magistrate judge and denied the motions to dismiss. Mr. Turner and Mr. Kelly appeal the denial of their motions. With the exception of one count of S4 against Mr. Kelly, we affirm the ruling of the trial court.

I.

The Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life of limb." <u>See</u> U.S. Const. amend. V. Jeopardy under the Constitution is "the risk that is traditionally associated with criminal prosecution." <u>Breed v. Jones</u>, 421 U.S. 519, 528 (1975). Because of the potentially serious consequences of criminal prosecution, such proceedings impose "heavy pressures and burdens -- psychological, physical, and financial -- on a person charged." <u>Id.</u> at 529-30. The purpose of the constitutional guarantee against double jeopardy, then, is to ensure that a person "be subject to the experience only once" for a particular crime. <u>Id.</u> at 530.

Since the indictment in effect at the time of trial was S1, the charges in it are the ones to which jeopardy attached for Mr. Turner and Mr. Kelly. They now argue that because the factual basis for the charges in S4 (submitting false time cards for pay periods from April, 1993, through March, 1994) is the same as the factual basis for the charges in S1, the constitutional guarantee against double jeopardy bars the government from bringing them to trial on the allegations in S4. Except for one count of S4 against Mr. Kelly, we disagree.

II.

We turn first to the counts in S4 related to pay periods that are not included in S1. The courts have regularly held that when a statute targets individual acts rather than a course of conduct as a whole, offenses charged with respect to separate dates, even though "of the same nature," <u>United States v. Banks</u>, 10 F.3d 1044, 1050 (4th Cir. 1993), <u>cert. denied</u>, 511 U.S. 1090, 512 U.S. 1208 (1994), are not the "same" offense for double jeopardy purposes. <u>See</u>, <u>e.g.</u>, <u>United States v. Gardner</u>, 65 F.3d 82, 85-86 (8th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 748, 1044 (1996) (mail fraud), and <u>United States v. Lanier</u>, 604 F.2d 1157, 1159 (8th Cir. 1979) (<u>per</u> <u>curiam</u>) (false statements on bank deposit forms), dealing specifically with 18 U.S.C. § 1001(a); <u>see</u> <u>also</u> <u>United States v. Banks</u>, 10 F.3d at 1050 (drug charges), and <u>United States v. Solomon</u>, 726 F.2d 677, 678-79 (11th Cir. 1984) (false statements on firearms sale forms). We hold,

therefore, that the double jeopardy clause does not bar the government from prosecuting Mr. Turner on count 12 and Mr. Kelly on count 9, count 23, and count 25 of S4.

III.

There are 14 counts in S4 in which the charge against a particular defendant relative to a designated pay period shifts from a violation of 18 U.S.C. § 641 to a violation of 18 U.S.C. § 1001(a), or vice versa. Mr. Turner and Mr. Kelly contend that the charge of making a materially false statement to a federal agency under § 1001(a) is a lesser included offense of stealing money from a federal agency under § 641 and, therefore, that the double jeopardy clause bars the government from bringing them to trial on any of the counts in S4 that were shifted, relative to S1, from either statute to the other. See, e.g., Brown v. Ohio, 432 U.S. 161, 168-69 (1977).

One offense is a lesser included offense of another only if "the elements of the lesser offense are a subset of the elements of the [other] offense." Schmuck v. United States, 489 U.S. 705, 716 (1989); see also Illinois v. Vitale, 447 U.S. 410, 421 (1980), and Brown, 432 U.S. at 168. In this case, therefore, we look to the statutory elements of § 641 to determine if it includes the statutory elements of § 1001(a). See Schmuck, 489 U.S. at 716-17; see also Vitale, 447 U.S. at 421, and Brown, 432 U.S. at 168.

As charged in both S1 and S4, the elements of the version of § 641 in effect at the relevant time are that the particular defendant, (1) knowingly and willfully, (2) stole (3) more than $100 (4) from a federal agency. See 18 U.S.C.A. § 641 (West 1976), amended by 18 U.S.C.A. § 641 (West supp. 1997); see also United States v. May, 625 F.2d 186, 189-90 (8th Cir. 1980). "Stealing" under § 641 (as charged in this case) requires "the intent to appropriate [money] to a use inconsistent with the [federal agency's] rights and benefits." Ailsworth v. United States, 448 F.2d 439, 442 (9th Cir. 1971); see also United States v. Wilson, 636 F.2d 225, 228 (8th Cir. 1980).

-5-

As charged in both S1 and S4, the elements of § 1001(a) are that the particular defendant, (1) knowingly and willfully, (2) made a statement (3) that was materially false (4) to a federal agency. See 18 U.S.C. § 1001(a)(2); see also United States v. Johnson, 937 F.2d 392, 396 (8th Cir. 1991). Even the most cursory comparison of the elements of the two statutes shows that § 1001(a) includes elements -- specifically, at minimum, the requirement of a materially false statement -- that are not necessary for proof of § 641; the elements of § 1001(a) cannot, therefore, be a subset of the elements of § 641. We thus reject the argument of Mr. Turner and Mr. Kelly that § 1001(a) is a lesser included offense of § 641.

Aside from the issue of lesser included offenses, however, Mr. Turner and Mr. Kelly further assert that because the government alleges that both the stealing under § 641 and the materially false statements under § 1001(a) were accomplished by means of submitting false time cards, the offenses as charged are the "same" for double jeopardy purposes. An analogous contention was the basis for the holding in Grady v. Corbin, 495 U.S. 508, 510 (1990), where the Supreme Court declared that the double jeopardy clause bars a subsequent prosecution if, "to establish an essential element of [the] offense charged in [the second] prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted."

Unfortunately for Mr. Turner and Mr. Kelly, though, in United States v. Dixon, 509 U.S. 688, 704, 712 (1993), the Supreme Court squarely overruled the principle announced in Grady. In an extended discussion, the Supreme Court established that the "only ... test," Dixon, 509 U.S. at 708 (emphasis in original), for double jeopardy purposes when the offenses are alleged to be the "same" -- and no issue of lesser included charges is involved, id. at 705-07, 707 n.11 -- is the "same-elements test, ... [which] inquires whether each offense contains an element not contained in the other," id. at 696. See id. at 703-04, 706, 708-10; see also Blockburger v. United States, 284 U.S. 299, 304 (1932), and Gavieres v. United States, 220 U.S. 338, 344-45 (1911).

As noted above, the elements of § 1001(a) require proof of a materially false statement -- a requirement not mandated for proof of § 641. Conversely, the elements of § 641 (as charged in this case) require proof of the theft of more than $100 -- a requirement not mandated for proof of § 1001(a). We conclude, therefore, that the double jeopardy clause does not bar the government from prosecuting Mr. Turner on counts 10-11 and counts 13-16 and Mr. Kelly on counts 1-4 and counts 6-8 of S4.

IV.

We turn, then, to the argument of Mr. Turner and Mr. Kelly that the aiding-and-abetting charges against them in S4 are lesser included offenses of crimes alleged in S1, see, e.g., United States v. Lincoln, 925 F.2d 255, 256 (8th Cir. 1991), cert. denied, 501 U.S. 1222 (1991), and are therefore barred by the double jeopardy clause. That argument may be shortly dealt with.

For each relevant pay period, S1 charges that by submitting false time cards for himself, a particular defendant -- specifically, Mr. Turner or Mr. Kelly -- either stole more than $100 from a federal agency or made a materially false statement to a federal agency. Thus it is true that the double jeopardy clause protects Mr. Turner and Mr. Kelly, with respect to each one's own time cards for the specific pay periods designated in S1, from any subsequent prosecution for aiding and abetting the theft of more than $100 from a federal agency by means of his own time cards or for aiding and abetting the making of a materially false statement to a federal agency by means of his own time cards. See, e.g., id.

In S4, however, for each relevant pay period, the charges are that Mr. Turner and Mr. Kelly aided and abetted in the submission of false time cards by a third person and that that third person thereby made materially false statements to a federal agency. It is the third person's time cards for the relevant pay periods that are the basis for the aiding-and-abetting charges in S4, not Mr. Turner's and Mr. Kelly's own time cards for those pay periods. There are no charges in S1 of acts by Mr. Turner or Mr. Kelly

relative to any third person's time cards. The double jeopardy clause therefore does not bar the government from prosecuting Mr. Turner or Mr. Kelly on counts 17-22 of S4. Cf. Standefer v. United States, 447 U.S. 10, 22 n.16 (1980) (double jeopardy clause does not bar trial of defendant for aiding and abetting even though principal was acquitted of substantive charge in earlier trial).

## V.

With respect to Mr. Kelly, count 5 in S4 is identical to count 18 in S1. Because those two charges are the same, the double jeopardy clause bars the government from prosecuting Mr. Kelly on count 5 of S4.

## VI.

In addition to their arguments invoking double jeopardy, Mr. Turner and Mr. Kelly contend that the principle of res judicata protects them from further prosecution. They assert, first, that the purposes of the doctrine of res judicata are different from the purposes of the double jeopardy clause and that, for res judicata purposes, the charges in S1 and S4 are the "same," since they have the same factual basis (the submission of false time cards). Mr. Turner and Mr. Kelly then argue that this court's holding in their prior appeal -- that no "manifest necessity" existed for a mistrial with respect to either of them, United States v. Givens, 88 F.3d 608, 612 (8th Cir. 1996) -- amounts to a ruling on the merits of the charges in S1 and therefore also to a judgment of acquittal for them on the charges in S1. Mr. Turner and Mr. Kelly thus urge that the doctrine of res judicata with respect to previous acquittals bars the government from prosecuting them on the charges in S4. See, e.g., Sealfon v. United States, 332 U.S. 575, 578, 580 (1948).

The doctrine of res judicata in criminal proceedings "operates to conclude those matters in issue which the verdict determined though the offenses be different." Id. at

578 (emphasis supplied). There was no "verdict" in this case; there was only a mistrial. By its own definition, then, the doctrine of res judicata is inapplicable.

The doctrine of collateral estoppel in criminal proceedings holds that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated." Ashe v. Swenson, 397 U.S. 436, 443 (1970). The doctrine is a "component of the Double Jeopardy Clause." Dowling v. United States, 493 U.S. 342, 348 (1990).

There is nothing in the record, however, that could reasonably be construed as a determination of whether the time cards at issue in the first trial were false -- either in the transcript where the trial court declared a mistrial; in the trial court's order denying the defendants' motions, after the mistrial, to dismiss the indictment; in this court's opinion on the first appeal; or, for that matter, in the magistrate judge's report and recommendations with respect to the defendants' motions, after the first appeal, to dismiss the indictment or in the trial court's order adopting those recommendations. We therefore reject the argument of Mr. Turner and Mr. Kelly with respect to that issue.

## VII.

For the reasons stated, we affirm the order of the trial court except as to count 5 of S4 against Mr. Kelly. We remand the cases for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.