[No. 80752-3.   En Banc.]
Argued October 14, 2008.     Decided December 31, 2008.

THE STATE OF WASHINGTON, *Respondent*, v. HUYEN BICH NGUYEN, *Petitioner*.

*Huyen Bich Nguyen*, pro se.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Andrea R. Vitalich, Deputy*, for respondent.

¶1 MADSEN, J. — At issue is whether physical control of a vehicle while under the influence of alcohol or drugs is an included offense of driving while under the influence of alcohol or drugs. We conclude that it is and accordingly affirm the Court of Appeals.

## FACTS

¶2 At about 2:40 a.m. on February 15, 2003, Washington State Patrol Trooper Christopher F. Magallon noticed a vehicle partially pulled onto the gore point of the Howell Street on-ramp to Interstate 5.[1] Most of the car was off the road but part was in the lane of travel. The engine was running and the petitioner, defendant Gabrielle Nguyen, the only person in the car, was behind the wheel talking on a cell phone. When Trooper Magallon asked her whether she needed assistance, he noticed the smell of alcohol and mannerisms that led him to suspect that Ms. Nguyen was under the influence of alcohol. She told him that she had been drinking wine at a Seattle nightclub.

¶3 Trooper Magallon asked Nguyen to move her car, after which he had her perform field sobriety tests. She performed poorly on the tests and her behavior was erratic. Magallon suspected she was under the influence of stimulants as well as alcohol and placed her under arrest. When Magallon searched the vehicle incident to Nguyen's arrest, he found cocaine in the center console. Blood analysis disclosed that Nguyen had both alcohol and cocaine in her system.

---

[1] The "gore point" is the triangular shaped area between the on-ramp and Interstate 5.

¶4 Ms. Nguyen was charged with possession of cocaine and driving while under the influence of intoxicating liquor or any drug (DUI), RCW 46.61.502. At her bench trial, the State argued that if the court did not find her guilty of DUI, it should convict her of the "lesser included" offense of being in physical control of a vehicle while under the influence of intoxicating liquor or any drug (hereafter physical control while under the influence), RCW 46.61.504. The State proposed this alternative in anticipation that the court might rule certain evidence of DUI inadmissible.[2] Defense counsel countered that Ms. Nguyen's vehicle was "safely off the roadway" prior to being pursued by a law enforcement officer, which, under RCW 46.61.504(2), is a complete affirmative defense to a charge of physical control while under the influence.

¶5 The trial court found Ms. Nguyen not guilty of DUI but guilty of physical control while under the influence. The court determined that the "safely off the roadway" defense did not apply because Ms. Nguyen had not pulled out of the traffic lane, she was behind the wheel, and she told Magallon that she intended to continue driving. The court also found Nguyen guilty of possession of cocaine. The court imposed a standard range sentence on the possession offense and the mandatory minimum sentence on the offense of physical control while under the influence, to be served concurrently.

¶6 Nguyen appealed. The Court of Appeals affirmed her convictions in an unpublished opinion. *State v. Huyen Bich Nguyen*, noted at 140 Wn. App. 1020, 2007 WL 2411680, 2007 Wash. App. LEXIS 2527, *review granted*, 163 Wn.2d 1039 (2008).

¶7 Nguyen's petition for review was granted solely on the included offense issue. She is acting pro se on this discretionary review, after counsel's motion to withdraw was granted.

---

[2] The court in fact ruled certain statements inadmissible, including Ms. Nguyen's admission that she drove from the nightclub to the gore point.

## ANALYSIS

¶8 Ms. Nguyen contends that physical control while under the influence is not a "lesser included" offense of DUI because both offenses are gross misdemeanors subject to the same penalties. The State first contends that review is barred under the invited error doctrine and claims that error was invited because Ms. Nguyen acquiesced in consideration of physical control while under the influence as an included offense. On the merits, the State contends that under Washington law physical control while under the influence is an included offense of DUI, as the Court of Appeals held.

¶9 Because we conclude that physical control while under the influence is an included offense of DUI, no error occurred and the invited error doctrine does not apply. But the State's claim that Ms. Nguyen "acquiesced" in consideration of the lesser included offense theory is also a claim that review is barred because Ms. Nguyen failed to object to consideration of the included offense theory when the State proposed it as an alternative.[3] In general, an error raised for the first time on appeal will not be reviewed. *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). An exception exists for a "manifest error affecting a constitutional right." RAP 2.5(a)(3). This is a " 'narrow' " exception. *Kirkman*, 159 Wn.2d at 934 (quoting *State v. Scott*, 110 Wn.2d 682, 687, 757 P.2d 492 (1988)). A "manifest" error is an error that is "unmistakable, evident or indisputable." *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992). An error is manifest if it results in actual prejudice to the defendant or the defendant makes a " 'plausible showing' " " 'that the asserted error had practical and identifiable consequences in the trial of the case.' " *State v. WWJ Corp.*, 138 Wn.2d 595, 602-03, 980 P.2d 1257 (1999) (quoting *Lynn*, 67 Wn. App. at 345). "The court previews the merits of the

---

[3] The Court of Appeals did not address either the invited error doctrine or the failure to object.

claimed constitutional error to determine whether the argument is likely to succeed." *State v. Walsh*, 143 Wn.2d 1, 8, 17 P.3d 591 (2001) (citing *WWJ Corp.*, 138 Wn.2d at 603).

¶10 If, as Ms. Nguyen contends, physical control while under the influence is not an included offense of DUI, then she was unconstitutionally convicted of a crime. Under article I, section 22 of the Washington State Constitution, it is error to try and convict a defendant of a crime that is not charged. *State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988); *State v. Markle*, 118 Wn.2d 424, 432, 823 P.2d 1101 (1992); *State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982); *State v. Olds*, 39 Wn.2d 258, 260-61, 235 P.2d 165 (1951); *see, e.g., State v. Smith*, 2 Wn.2d 118, 98 P.2d 647 (1939) (individual charged with larceny could not be convicted of embezzlement). The error, if it occurred, would constitute manifest error affecting a constitutional right, and due to the nature of this error the prejudice is clear. Thus, we will review Ms. Nguyen's claim of error.

¶11 Ms. Nguyen argues that physical control while under the influence is not an included offense of DUI because the two crimes are both gross misdemeanors subject to the same penalties. *See* RCW 46.61.502(5), .504(5), .5055. RCW 10.61.006 provides in relevant part that "the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information." Although the statute does not use the word "lesser," state courts have used the phrase "lesser included" to describe the offenses falling within its scope.

¶12 Under Washington law, the *Workman* test applies to determine whether an offense is a "lesser included" (or, more properly, an "included") offense. *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978). "[A] defendant is entitled to an instruction on a lesser included offense if two conditions are met. First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed." *Id.* at 447-48 (citations omit-

ted). As a threshold determination apart from the *Workman* test, the included offense must arise from the same act or transaction supporting the greater offense that is charged. *State v. Porter*, 150 Wn.2d 732, 738-40, 82 P.3d 234 (2004).

¶13 Ms. Nguyen correctly concedes that all of the elements of RCW 46.61.504 (physical control while under the influence) fall within the elements of RCW 46.61.502 (DUI), thus satisfying the legal prong of the *Workman* test. She also agrees that because there was no proof that she drove, the factual prong also is satisfied.[4] She relies, however, on cases from other states in which the courts held that to be a "lesser included" offense, the offense must have a lesser penalty than the charged offense.

¶14 Although some other states require that a "lesser included" offense have a lesser penalty,[5] this does not mean

---

[4] The Court of Appeals held that physical control while under the influence is an included offense, relying on its prior analysis in *McGuire v. City of Seattle*, 31 Wn. App. 438, 642 P.2d 765 (1982), *overruled on other grounds by State v. Votava*, 149 Wn.2d 178, 66 P.3d 1050 (2003). While we agree with the court's analysis in *McGuire*, that opinion does not address the issue presented here—whether an offense can be an included offense when the penalties for the offenses are the same.

[5] *See, e.g., State v. Deem*, 40 Ohio St. 3d 205, 209, 533 N.E.2d 294 (1988); *State v. Giroux*, 2004 SD 24, 676 N.W.2d 139, 141. Ms. Nguyen also cites *People v. Rush*, 16 Cal. App. 4th 20, 23, 20 Cal. Rptr. 2d 15 (1993), *overruled on other grounds by People v. Montoya*, 33 Cal. 4th 1031, 94 P.3d 1098, 16 Cal. Rptr. 3d 902 (2004). However, it is questionable whether *Rush* correctly reflects California law. Other California cases do not state such a requirement, including the California State Supreme Court case that was cited in *Rush* for the general rule. *People v. Pendleton*, 25 Cal. 3d 371, 382, 599 P.2d 649, 158 Cal. Rptr. 343 (1979), *cited in Rush*, 16 Cal. App. 4th at 23.

Other states have expressly rejected the argument that the penalty must be lesser than the offense charged for the offense to be a lesser included offense. *E.g., Nicholson v. State*, 656 P.2d 1209, 1212 (Alaska Ct. App. 1982) ("lesser" refers to the relation between the elements of the offense, not the relation between their penalties); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363, 965 P.2d 94 (Ct. App. 1998) (lesser included offense can have the same as or a lesser penalty than the greater offense); *Sanders v. State*, 944 So. 2d 203 (Fla. 2006); *State v. Habhab*, 209 N.W.2d 73 (Iowa 1973) (noting that the state's definition of "included offenses" had never referred to a requirement of a lesser penalty and its prior holdings negative any inference that the possible penalty was material to the determination); *State v. Gresham*, 276 Neb. 187, 194-95, 752 N.W.2d 571 (2008) (relative penalties are not a factor in identifying lesser included offense under the statutory elements test); *State v. Young*, 305 N.C. 391, 393, 289 S.E.2d 374 (1982); *see also* Suppl. Br. of Resp't at 15-17 (citing additional cases).

that in Washington an offense cannot be an included offense if the two offenses have the same penalty. As a leading treatise explains, "American courts have shown considerable diversity in determining what constitutes a lesser-included offense." WAYNE R. LAFAVE, JEROLD H. ISRAEL, NANCY J. KING, & ORIN S. KERR, CRIMINAL PROCEDURE § 24.8(e) (3d ed. 2008). The authors describe three general approaches. *Id.* Washington's test comes within the first of these, which the authors call the "statutory elements approach" and which is also the approach followed by the United States Supreme Court under federal law. *See Schmuck v. United States*, 489 U.S. 705, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989). Simply because some other states have adopted an approach that considers whether the penalty is lesser does not mean that Washington's approach reflected in the *Workman* test is incorrect and must be changed.[6]

¶15 Additionally, Ms. Nguyen does not explain *why* a lesser penalty should be a requirement for an included offense. Inquiring into potential penalties has no bearing on whether the elements of the offense are necessarily included in the greater offense—the legal inquiry under the elements test used in Washington, nor does it disclose anything about whether the evidence supports the inference that the lesser crime was committed—the factual inquiry under the Washington test.

---

[6] Ms. Nguyen has also relied on other states' cases for the proposition that we should hold that DUI and physical control while under the influence are "alternative" crimes, rather than that one is an included offense of the other. But the cases she cites are distinguishable because the statutes at issue in those cases clearly set out alternative means for committing the same crime. In *State v. Stevens*, 36 Kan. App. 2d 323, 328, 138 P.3d 1262 (2006), *aff'd*, 285 Kan. 307, 172 P.3d 570 (2007), the statute at issue, Kan. Stat. Ann. § 8-1567(a)(3) (Supp. 2005), provided that " '[n]o person shall operate or attempt to operate any vehicle . . . under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle.' " In *State v. Bryan*, 2004 WL 1533828 (Tenn. Crim. App. 2004), an unpublished opinion, Tenn. Code Ann. § 55-10-401(a) provided that it "[i]t is unlawful for any person to drive or to be in physical control of any" vehicle. And in *Hogan v. State*, 178 Ga. App. 534, 535-36, 343 S.E.2d 770 (1986), the statute, Ga. Code Ann. § 40-6-391, provided that "[a] person shall not drive or be in actual physical control of any moving vehicle while" under the influence. RCW 46.61.502 and .504 are not comparable to these statutes because they do not set out alternative means of committing the same crime.

¶16 Most importantly, the question of what constitutes an included offense is a matter of what is required by RCW 10.61.006. RCW 10.61.006 forecloses consideration of the penalty because it limits an included offense to one "the *commission* of which is *necessarily included*" in the charged offense, establishing that the sole inquiry is whether the included offense is necessarily committed when the greater offense is committed. (Emphasis added.) The statutory language does not suggest in any way that the potential penalties are relevant to the determination. The word "lesser" does not even appear in the statute.[7]

¶17 Ms. Nguyen also contends that *State v. Weber*, 159 Wn.2d 252, 149 P.3d 646 (2006), supports her argument in principle. In *Weber*, we addressed the issue of which of two convictions must be vacated where conviction of both would violate the double jeopardy proscription. We determined that the conviction for the offense with the lesser penalty is the appropriate conviction to vacate. Nguyen maintains that *Weber* "stands for the rule that the magnitude of the penalty is critical to determining whether one offense is a lesser included offense of another." Pet. for Review at 11. We disagree.

¶18 Double jeopardy inquiries are distinct from the question whether an offense is an included offense. The included offense doctrine is relevant to the questions whether a defendant has been charged with an offense of which he or she can be convicted, as well as whether he or she has had notice of the offenses with which charged. The double jeopardy question, as it arose in *Weber*, concerned the principle that multiple punishments cannot be imposed for the same offense. Because these are distinct questions, the answers are distinct as well.

¶19 In addition, we did not consider included offense cases when deciding *Weber*, and we expressly rejected the defendant's argument that the proper remedy was to vacate

---

[7] *Cf.* ME. REV. STAT. ANN. Title 17-A, § 13-A(2) (expressly defining a "lesser included offense" as one "carrying a lesser penalty" than the charged offense); *see State v. Stewart*, 2007 ME 115, 930 A.2d 1031, 1033-34 (applying statute).

the conviction for the offense that formed part of the proof of the other conviction. *Weber*, 159 Wn.2d at 266-67. Finally, the reasons for our decision in *Weber* do not apply to the question of how to define "included offense." First, the severity of sentences is critical in determining which sentence to vacate because the legislature would not have intended the double jeopardy doctrine to operate so as to allow the defendant to receive the lesser sentence. *Id.* at 267. The same intent cannot be attributed to the legislature in the present context. Second, "retaining the offense that carries the greater sentence is the commonsense approach." *Id.* at 269. What makes the most sense in the area of double-jeopardy-proscribed multiple punishments for the same offense does not help in construing RCW 10.61.006.

¶20 *Weber* and its reasoning do not support Ms. Nguyen's argument.

¶21 The existing Washington test for deciding what constitutes an included offense is consistent with those of many states, as well as with the approach used by the federal courts.[8] Most importantly, the existing analysis conforms to RCW 10.61.006 while consideration of the relative penalties would not.

¶22 We hold, in accord with our analysis in this opinion, that there is no requirement that an included offense must have a lesser penalty than the charged offense.

## CONCLUSION

¶23 There is no requirement under Washington law that an offense carry a potential penalty that is less than the charged crime in order to be an included offense for which

---

[8] The sole exception we have found in the federal cases is one Eighth Circuit Court of Appeals decision where the court said in dictum that the penalty must be lesser for a lesser included offense. *United States v. Cady*, 495 F.2d 742, 747 (8th Cir. 1974). This dictum has not been "followed" by any other circuit, nor has it been adhered to in the Eighth Circuit, which instead simply applies the Supreme Court's analysis in *Schmuck. See, e.g., United States v. Santisteban*, 501 F.3d 873 (8th Cir. 2007); *United States v. Hatcher*, 323 F.3d 666, 667 (8th Cir. 2003); *United States v. Turner*, 130 F.3d 815 (8th Cir. 1997).

a defendant may be convicted, even if not charged. We hold that being in physical control of a vehicle while under the influence of intoxicating liquor or any drug in violation of RCW 46.61.504 is an included offense of DUI. We affirm the Court of Appeals and uphold Ms. Nguyen's conviction for this crime.

ALEXANDER, C.J., and C. JOHNSON, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.