**FILED**
**APRIL 30, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35520-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHAD RICHARD ENGLEHARDT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J.—The guilty verdict issued after Chad Englehardt's criminal trial was ambiguous in that it failed to specify whether Mr. Englehardt had been convicted of felony driving under the influence (DUI) or felony physical control of a vehicle while under the influence (physical control). Given this circumstance, the rule of lenity mandates an adjudication for physical control, since the elements of physical control are fully included within the elements of DUI. Because Mr. Englehardt was erroneously adjudicated guilty of felony DUI, instead of physical control, this matter is remanded for correction of the judgment and sentence, and resentencing.

FACTS

Mr. Englehardt was charged with felony DUI. At trial, the jury was instructed not only on this offense, but also the included offense of felony physical control.

The court issued two instructions regarding DUI and physical control, both of which had been proposed by Mr. Englehardt. Instruction 8 stated:

> A person commits the crime of felony driving or being in actual physical control while under the influence when he or she drives or has actual physical control of a motor vehicle while he or she is under the influence of or affected by intoxicating liquor or while he or she has sufficient alcohol in his [or her] body to have an alcohol concentration of 0.08 or higher within two hours after driving or being in actual physical control as shown by an accurate and reliable test of the person's blood and the person has four or more prior offenses within ten years.

Clerk's Papers (CP) at 85.

Instruction 9 stated:

> To convict the defendant of the crime of felony driving while under the influence, each of the following three elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about April 22, 2016, the defendant drove or had actual physical control of a motor vehicle in the State of Washington;
> (2) That the defendant at the time of driving a motor vehicle or being in actual physical control
>> (a) was under the influence of or affected by intoxicating liquor or
>> (b) had sufficient alcohol in his body to have an alcohol concentration of 0.08 or higher within two hours after driving or being in physical control as shown by an accurate and reliable test of the defendant's blood;

2

and

(3) That the defendant has four or more prior offenses within ten years.

If you find from the evidence that element (1) and any of the alternative elements (2)(a) or (2)(b) and (3) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (2)(a) or (2)(b) has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative in paragraph (2) has been proved beyond a reasonable doubt.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of elements (1), (2), or (3), then it will be your duty to return a verdict of not guilty.

*Id*. at 86.

The verdict form was also based on Mr. Englehardt's proposal. It stated:

We, the jury, find the defendant, Chad Richard Englehardt, _____ of the crime FELONY DRIVING UNDER THE
(write in "not guilty" or "guilty")
INFLUENCE or BEING IN ACTUAL PHYSICAL CONTROL WHILE UNDER THE INFLUENCE as charged.

*Id*. at 94.

In issuing its verdict, the jury wrote the word "guilty" in the verdict form without indicating whether Mr. Englehardt's conviction was for felony DUI or physical control. *Id*.

At sentencing, Mr. Englehardt's offender score was calculated as a 9+ and his offense was classified as having a seriousness level of 5. Normally, the standard range in

3

this circumstance would be 72-96 months.  RCW 9.94A.510.  But because felony DUI

was classified as a class C felony at the time of Mr. Englehardt's offense, his maximum

sentence was limited to 60 months.  RCW 9A.20.021(c).  Thus, 60 months was deemed

the standard range and the court sentenced Mr. Englehardt to 60 months' incarceration.

Mr. Englehardt timely appeals.

ANALYSIS

Mr. Englehardt makes two arguments on appeal.  First, he claims the State

presented insufficient evidence to support a conviction for DUI, as opposed to physical

control, because there was not any evidence showing he had actually driven the vehicle

associated with his offense.  Second, Mr. Englehardt argues that the jury verdict failed to

establish a conviction for DUI as opposed to a conviction for physical control.  Because

we largely agree with Mr. Englehardt's second argument, we need not address his first.

DUI and physical control are distinct crimes, governed by different statutes.  *See*

RCW 46.61.502, .504.  Yet the two offenses are also closely related.  The act of physical

control is inherent in the act of driving.  Thus, the elements of physical control are fully

included within the crime of DUI.  *See State v. Huyen Bich Nguyen*, 165 Wn.2d 428, 433,

197 P.3d 673 (2008).  While physical control is considered an offense that is included

within the offense of DUI, it was not, at the time of Mr. Englehardt's April 2016 arrest,

4

a *lesser* offense for purposes of sentencing. This is because the two offenses carried

identical penalties (a 5-year statutory maximum and seriousness level of 5). Former

RCW 46.61.502(6) (2012); former RCW 46.61.504(6) (2012); RCW 9A.20.021(c);

former RCW 9.94A.515 (2007).[1]

The jury's completed verdict form failed to specify whether Mr. Englehardt was

convicted of DUI or physical control. Because the verdict form was written in the

disjunctive, it could have been generated in one of three different ways: (1) the jury might

have unanimously found Mr. Englehardt guilty of felony DUI, (2) the jury might have

unanimously found Mr. Englehardt guilty of felony physical control, or (3) the outcome

might have been split, with some jurors finding Mr. Englehardt guilty of felony DUI and

others only finding him guilty of felony physical control.

Where, as here, the jury renders an ambiguous verdict, we apply the rule of lenity.

*State v. Kier*, 164 Wn.2d 798, 811, 194 P.3d 212 (2008). Given that physical control is

fully included within the crime of DUI, the jury's guilty verdict was necessarily based on

a unanimous determination that the State had proved all elements of felony physical

control. Thus, the remedy for the ambiguity in Mr. Englehardt's verdict is for the trial

---

[1] On June 9, 2016, felony DUI was reclassified from a class C felony to a class B felony. Former RCW 46.61.502(6) (2012), *amended by* LAWS OF 2016, ch. 87. Felony physical control remains classified as a class C felony. RCW 46.61.504(6).

court to issue a judgment and sentence for felony physical control, as opposed to felony DUI.[2]

Rather than correcting the verdict, Mr. Englehardt argues that the proper remedy is remand for retrial because the jury was never provided an explanation of what it means to be in physical control of a vehicle. Mr. Englehardt's complaint goes to a definitional issue, not to the elements of his offense. *Compare* WPIC 92.02 (elements instruction) *with* WPIC 92.11 (definitional instruction).[3] The lack of a definitional instruction is not an error of constitutional magnitude that can be raised for the first time of on appeal. *State v. Gordon*, 172 Wn.2d 671, 677, 260 P.3d 884 (2011). Here, Mr. Englehardt never objected to the trial court's failure to issue an instruction at trial defining the term "physical control." In fact, Mr. Englehardt's attorney stated she had made a strategic decision not to seek a definitional instruction. *See* Report of Proceedings (June 23, 2017) at 3. Given this circumstance, the lack of a definitional instruction is not something that warrants further review. RAP 2.5(a).

---

[2] Because physical control is included within the offense of DUI, Mr. Englehardt's verdict does not raise unanimity problems, as might be the case in the context of an alternative means crime, where there is a possibility the jurors did not all find the same operative facts.

[3] 11A WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 92.02, 92.11, at 274, 287 (3d ed. 2008) (WPIC).

No. 35520-9-III
*State v. Englehardt*

CONCLUSION

This matter is remanded for correction of the judgment and sentence to reflect the offense of felony physical control, and for resentencing. At resentencing, the trial court shall also consider whether it should strike the following from Mr. Englehardt's judgment and sentence: (1) the $200 criminal filing fee and $100 deoxyribonucleic acid (DNA) collection fee pursuant to recent changes to RCW 36.18.020(2)(h) and RCW 43.43.7541, and the Supreme Court's decision in *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018); and (2) $352.46 in emergency response costs assessed under RCW 38.52.430.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, C.J.                Fearing, J.

7