# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78004-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| DYLAN JAMES DOWNEY, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 19, 2019 |
| | ) | |

LEACH, J. — Dylan James Downey appeals his conviction for vehicular assault. He raises two constitutional issues. First, he claims that the court violated his right to present a defense by refusing his request to instruct the jury that one alternative means of committing vehicular assault is a lesser-included offense of committing the same crime by a different means. This claim fails because the lesser-included-offense rule requires a comparison of the elements of two separate crimes and does not apply to different means of committing a single crime.

Second, he claims that the court violated his right to notice of the offense charged when the trial court instructed the jury on an uncharged means of committing vehicular assault after he asked the court to instruct on this means as

a lesser-included offense. Because Downey fails to show a lack of notice or prejudice, we reject this claim too. We affirm.

FACTS

In July 2014, Downey gave his friend, Brittney Wright, a motorcycle ride. Downey was driving over the speed limit[1] when he failed to negotiate a curve and crashed, ejecting him and Wright from the motorcycle. The lower half of one of Downey's legs was severed, and Wright had compound fractures of both legs. The State charged Downey with possession of a stolen vehicle and vehicular assault committed by the alternative means of operating a vehicle in a reckless manner.[2]

At trial, Downey asked the court to instruct the jury on a second means of committing vehicular assault, operating a vehicle with disregard for the safety of others, which he characterized as the "lesser-included offense" of the reckless manner prong. The trial court ruled that disregard for the safety of others prong was not a lesser-included offense of the reckless manner prong but, rather, an alternative means of committing vehicular assault. The court instructed the jury on both alternative means. The jury acquitted Downey of possession of a stolen

---

[1] The speed limit was 35 m.p.h.; Downey's expert testified that Downey was most probably driving between 45 and 50 m.p.h.; responding officer Craig Davis testified that Downey's speed was between 49 and 73 m.p.h.; Wright testified that not long before the crash, the speedometer showed 100 m.p.h.

[2] Before trial, the State agreed not to pursue the impairment alternative of vehicular assault that appears in the amended information.

vehicle but found him guilty of vehicular assault. The jury's answers to the special interrogatory verdict form showed that it was not unanimous about the means. The court entered a conviction for the alternative means of disregard for the safety of others. Downey appeals.

## ANALYSIS

Downey asserts that the trial court violated his due process rights by not giving the jury his proposed lesser-included-offense instruction and violated his constitutional right to notice when it instead instructed the jury on an uncharged alternative means. We disagree.

First, Downey contends that the trial court erred in not instructing the jury that vehicular assault committed by the alternative means of disregard for the safety of others was a lesser-included offense of vehicular assault committed by the alternative means of reckless manner. A person commits vehicular assault if he causes substantial bodily harm to another while driving a vehicle (1) in a reckless manner, (2) while under the influence of intoxicating liquor or any drugs, or (3) with disregard for the safety of others.[3] The parties agree that vehicular assault is an alternative means statute.[4] This means that vehicular assault is a single crime that can be committed in three different ways.

---

[3] RCW 46.61.522(1)(a)-(c).
[4] See State v. Roggenkamp, 153 Wn.2d 614, 626, 106 P.3d 196 (2005).

At issue here are alternative means (1) and (3). "Reckless manner" means "'driving in a rash or heedless manner, indifferent to the consequences.'"[5] "'Disregard for the safety of others'" is "an aggravated kind of negligence, falling short of recklessness, but more serious than ordinary negligence."[6]

The due process clause of the Fourteenth Amendment requires that criminal defendants have a meaningful opportunity to present a defense.[7] "Parties are entitled to instructions that, when taken as a whole, properly instruct the jury on the applicable law, are not misleading, and allow each party the opportunity to argue their theory of the case."[8]

Under the two-part test our Supreme Court established in State v. Workman,[9] a defendant is entitled to a lesser-included-offense instruction if (1) each element of the lesser offense is a necessary element of the offense charged (the "legal prong") and (2) the evidence in the case supports an inference that the defendant committed only the lesser crime (the "factual prong"). This court reviews the trial court's determination of the legal prong de novo and the factual prong for an abuse of discretion.[10]

---

[5] Roggenkamp, 153 Wn.2d at 618.
[6] State v. Jacobsen, 78 Wn.2d 491, 498, 477 P.2d 1 (1970).
[7] California v. Trombetta, 467 U.S. 479, 485, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984).
[8] State v. Redmond, 150 Wn.2d 489, 493, 78 P.3d 1001 (2003).
[9] 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978); State v. Berlin, 133 Wn.2d 541, 545-46, 947 P.2d 700 (1997).
[10] State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).

But, here, we need not apply the Workman test because Downey does not establish that Workman's lesser-included-offense analysis applies to alternative means of the same offense as opposed to separate offenses. The test requires a comparison of the elements of two separate crimes. This case involves only one crime. And Workman does not involve a comparison of the penalties for different crimes.

In State v. Huyen Bich Nguyen,[11] our Supreme Court examined RCW 10.61.006, the "[i]ncluded offenses" statute. RCW 10.61.006 states, "[T]he defendant may be found guilty of an offense the commission of which is necessarily included within that with which he or she is charged in the indictment or information." In holding that physical control while under the influence of alcohol or drugs is an included offense of driving while under the influence of alcohol or drugs, the court stated, "[T]here is no requirement that an included offense must have a lesser penalty than the charged offense."[12] Both the included offenses statute and our Supreme Court thus define a "lesser-included offense" as an offense separate from the charged offense. Neither the statute nor the Workman test looks at penalties.

Downey cites no authority holding that an alternative means of committing the same crime as the charged offense may qualify as a lesser-included offense

---

[11] 165 Wn.2d 428, 437-38, 197 P.3d 673 (2008).
[12] Huyen Bich Nguyen, 165 Wn.2d at 438-39 (emphasis added).

of the charged offense. He offers no persuasive explanation for how a single crime could be a lesser-included crime of itself. Nor does he offer any policy reason for this result.

We hold that because vehicular assault committed by the alternative means of reckless manner and by the alternative means of disregard for the safety of others are alternative means of committing the same crime, not separate crimes, disregard for the safety of others is not a lesser-included offense of reckless manner.

Even if disregard for the safety of others were a lesser-included offense of reckless manner, the trial court did, in fact, instruct the jury on disregard for the safety of others as an alternative means. Downey cites no case requiring a court to affirmatively instruct a jury that an alternative crime it can consider is called "a lesser-included offense." And the special verdict form answers preclude any jury unanimity argument. So he shows no harm.

The special verdict form shows that at least one juror found that Downey committed that offense by driving a vehicle in a reckless manner and causing substantial bodily harm. The jurors not agreeing with this finding found that Downey committed the offense by driving a vehicle with disregard for the safety of others and causing substantial bodily harm. Since a finding of driving in a reckless manner includes a finding of driving a vehicle with disregard for the

safety of others,[13] all jurors agreed that Downey at least had operated a vehicle with disregard for the safety of others and caused substantial bodily injury. One or more jurors decided that he had committed that crime but also did so recklessly.

Second, Downey claims that because the trial court instructed the jury that disregard for the safety of others, a means the State never charged, was an alternative means of vehicular assault, he did not receive his constitutionally mandated notice. The Sixth Amendment to the United States Constitution[14] and article I, section 22 of the Washington Constitution[15] require that all charges be included in a charging document to afford the defendant notice.[16] Downey relies on our Supreme Court's ruling in State v. Pelkey,[17] adopting a per se rule that "[a] criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense."

---

[13] State v. Ferguson, 76 Wn. App. 560, 569, 886 P.2d 1164 (1995).

[14] "In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." U.S. CONST. amend. VI.

[15] "In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him." WASH. CONST. art. I, § 22.

[16] State v. Kjorsvik, 117 Wn.2d 93, 97, 812 P.2d 86 (1991).

[17] 109 Wn.2d 484, 491, 745 P.2d 854 (1987); see State v. Schaffer, 120 Wn.2d 616, 620, 845 P.2d 281 (1993) ("[I]n Pelkey, this court adopted a per se rule limiting the ability to amend an information once the State has rested its case" unless an exception applies.).

Regardless of whether disregard for the safety of others is a lesser-included offense of reckless manner, Pelkey does not apply. Here, the trial court entered a conviction for vehicular assault committed by the alternative means of disregard for the safety of others. RCW 9.94A.515 assigns reckless manner a seriousness level of four and disregard for the safety of others a seriousness level of three. The court thus entered a conviction for the less serious alternative means. Further, Pelkey states that its per se rule does not apply to lesser-included offenses. In addition, the State did not ask to amend the information; the trial court instructed the jury on the alternative means of disregard for the safety of others following Downey's request for a lesser-included instruction on that offense. Downey does not show that he did not receive notice or that any lack of notice prejudiced him.

## Statement of Additional Grounds for Review

In Downey's statement of additional grounds for review, he makes three claims based on the fact that the jury was not unanimous as to either of the alternative means of vehicular assault. He claims that the jury implicitly acquitted him of vehicular assault, double jeopardy bars his retrial because of this implied acquittal, and the trial court violated his right to a jury trial. But the case that he relies on examines whether double jeopardy bars the State from retrying a defendant on the greater charge when a jury convicted the defendant of the

-8-

lesser charge and was silent as to the greater charge.[18]  Here, the trial court instructed the jury on alternative means, not greater and lesser offenses.  And our Supreme Court has held that "when there is sufficient evidence to support each of the alternative means of committing the crime, express jury unanimity as to which means is not required."[19]  Although Downey states, "[I]t seems clear that there was insufficient evidence introduced at trial to establish the alternative means of reckless manner and disregard for the safety of others," he does not support this assertion with evidence from the record.  We reject Downey's claims.

## CONCLUSION

We affirm.

_Leach, J._

WE CONCUR:

_Schindler, J._                 _Appelwick, C.J._

---

[18] Downey cites State v. Linton, 156 Wn.2d 777, 779, 132 P.3d 127 (2006) (affirming the court of appeals decision that double jeopardy barred the State from retrying Linton for first degree assault after a jury convicted him of second degree assault but was not unanimous as to the first degree assault charge).

[19] State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014).