IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. CURTIS JOHN WALKER, Appellant. | No. 84531-4-I DIVISION ONE UNPUBLISHED OPINION |

DÍAZ, J. — Curtis Walker pled guilty to, among other things, a drug-related charge in 2006. In 2023, per State v. Blake, the trial court vacated that conviction without holding a hearing, which Walker believes violated his rights. We disagree and affirm the trial court.

I.    BACKGROUND

In 2006, Walker pled guilty to, inter alia, possession of cocaine. On February 25, 2021, our Supreme Court decided State v. Blake, which mandated vacatur of convictions for simple drug possession. 197 Wn.2d 170, 195, 481 P.3d 521 (2021). In March 2021, Walker moved the court, pro se, per CrR 7.8 to "correct [his] judgment and sentence" by "dismiss[ing]" his conviction for cocaine possession (First Motion). Walker re-filed the same motion in April 2021. Both motions indicated he did not desire oral argument.

In May 2022, the State moved the court to vacate and dismiss with prejudice the conviction for cocaine possession from Walker's judgment and sentence. A trial court signed the order granting the State's motion (Order) the same day without holding a hearing. Then, on June 9, 2022, Walker filed a motion to withdraw his First Motion. On July 14, 2022, the trial court granted Walker's motion to withdraw. Walker appeals.

## II.     ANALYSIS

Walker primarily argues that the trial court violated his Sixth Amendment right to be present for his re-sentencing, when it signed the Order without holding a hearing.

"A defendant has a constitutional right to be present at sentencing, including resentencing." State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). "However, when a hearing on remand involves only a ministerial correction and no exercise of discretion, the defendant has no constitutional right to be present." Id. In other words, "because the relationship between the defendant's presence and his 'opportunity to defend' must be 'reasonably substantial,' a defendant does not have a right to be present when his or her 'presence would be useless, or the benefit but a shadow.'" State v. Irby, 170 Wn.2d 874, 881, 246 P.3d 796 (2011) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934), overruled in part on other grounds by Duncan v. State of La., 391 U.S. 145, 155, 88 S. Ct. 1444, 1450-51, 20 L. Ed. 2d 491 (1968)).

Further, a violation of the right to be present may be determined to be constitutionally harmless. State v. Anderson, 19 Wn. App. 2d 556, 564, 497 P.3d

880 (2021). "Under this test, prejudice is presumed and the State bears the burden of proving harmlessness beyond a reasonable doubt." Id.

Here, Walker at no point objected to the State's motion or the court's Order on any grounds, let alone on the basis of his right to be present, at any time prior to appeal, even though the court issued the Order nearly two months after his First Motion. Nonetheless, RAP 2.5(a)(3) allows an appellant to raise an issue for the first time on appeal "for a 'manifest error affecting a constitutional right.'" State v. Nguyen, 165 Wn.2d 428, 433, 197 P.3d 673 (2008) (quoting RAP 2.5(a)(3)). "A 'manifest' error is an error that is 'unmistakable, evident or indisputable.'" Id. (quoting State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992)). "An error is manifest if it results in actual prejudice to the defendant or the defendant makes a 'plausible showing' 'that the asserted error had practical and identifiable consequences in the trial of the case.'" Id. (quoting State v. WWJ Corp., 138 Wn.2d 595, 602-03, 980 P.2d 1257 (1999)).[1]

To resolve this matter, we assume arguendo and without deciding that Walker was entitled to be present at the resentencing, even though it may be a "ministerial correction" under Ramos. 171 Wn.2d at 48. However, we hold, even if an error thereby occurred, it was constitutionally harmless because the court gave him the precise relief he requested, not once but twice; namely, dismissing

---

[1] For the reasons provided below, we hold there were no practical or identifiable consequences of vacating the conviction without Walker present. Therefore, any error by the trial court would not be manifest or compliant with RAP 2.5(a)(3). Nguyen, 165 Wn.2d at 433 (quoting WWJ Corp., 138 Wn.2d at 602-03). Nonetheless, in our discretion, we choose to review the assignment of error as presented.

the conviction at issue. Anderson, 19 Wn. App. 2d at 564 (finding any error of said right harmless because Anderson received the relief requested).

Our decision in State v. Frohs, 22 Wn. App. 2d 88, 91, 511 P.3d 1288 (2022), is instructive. Frohs pled guilty to several charges, and approximately eight years later filed a motion to amend his judgment and sentence because, inter alia, one of his convictions exceeded the statutory maximum for that type of felony. Id. The State conceded error and provided Frohs notice of a CrR 7.8 hearing "without oral argument." Id. The court entered an order granting his motion as to that error without holding a hearing. Id. Despite the fact that Frohs did request a hearing prior to the court deciding his motion, id. at 91, we held that "the plain terms of CrR 7.8(c) do not require oral argument for a show cause hearing, only that the court consider the motion after hearing from both parties." Id. at 93. As in this case, the "State contended oral argument was not required to consider the motion's merits, and Frohs neither disagreed nor requested oral argument." Id. at 94. Thus, we concluded "under the circumstances, the superior court's decision to decide the motion on the pleadings was reasonable." Id.

Further, as to his conviction for simple drug possession, Frohs "request[ed] very limited relief, asking only that his . . . conviction be vacated" under Blake. Id. at 97. As here, Frohs did not at that time "request resentencing due to this correction." Id. For these reasons, and because "the change to his offender scores [would] not affect the standard ranges for his convictions," we concluded "the trial court ha[d] the discretion to determine whether a hearing or further proceedings [were] required after correcting Frohs' judgment and sentence." Id. at 97-98.

4

Here, Walker requested and received nothing more or less than what he specifically requested; namely, that his "conviction under RCW 69.50.4013(1) [sic.] . . . be dismissed and/or removed from the defendant's record." And there is nothing in the record suggesting his offender score or standard range would have changed. Thus, as in Frohs, it was reasonable and within the court's discretion to decide the motions on the pleadings. Walker does not explain how a court's procedural decision can be reasonable, within its discretion, and yet constitutionally harmful.

Instead, in reply, Walker argues he in fact did not receive his desired relief. But nowhere does he identify *in the record* before this court what that additional unrequited relief was, and when or where he requested that relief, *prior to the Order*. The court is not required to search the record to locate the portions relevant to a litigant's arguments. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). More substantively, as in Anderson, "[e]ven if [Walker] had asked his attorney to try to expand the scope of the hearing, there is no reasonable basis for believing the result could have been different." 19 Wn. App. 2d at 564.

That is, on this record, where the court had two of Walker's motions (each expressly waiving oral argument) and the State's motion all requesting the same relief, we have no reason to believe that the court would have granted relief greater or less than simply vacating Walker's cocaine possession conviction had Walker been present. Therefore, we conclude any constitutional error which may have occurred was harmless beyond a reasonable doubt. Irby, 170 Wn.2d at 887.

Based on the above analysis, we need not reach whether Walker would have had a right to counsel had his presence at the hearing been required or any other remaining assignment of error.[2]

### III. CONCLUSION

We affirm.

Díaz, J.
_____

WE CONCUR:

Birk, J.
_____

Smith, C.J.
_____

---

[2] Walker also argues that his plea agreement was "indivisible" and "should be set aside *upon request*." This argument is persuasive only if you ignore the fact that he made no such request prior to the court's ruling. That is, even if he had such a right, there was no "request" triggering any further process. See State v. King, 162 Wn. App. 234, 241, 253 P.3d 120 (2011) (citing State v. Turley, 149 Wn.2d 395, 400-01, 69 P.3d 338 (2003)).