947 P.2d 708 (1997)
133 Wash.2d 559
STATE of Washington, Petitioner,
v.
Virginia WARDEN, Respondent.
No. 63945-1.
Supreme Court of Washington, En Banc.
Argued October 9, 1996.
Decided November 20, 1997.
*709 Norm Maleng, King County Prosecutor, Lee Yates, Cynthia Gannett, Deputy County Prosecutors, Seattle, Theresa Fricke, Tacoma, for Petitioner.
Nielsen, Broman & Assoc., Eric Broman, Eric Nielsen, Seattle, for Respondent.
JOHNSON, Justice.
This case, along with its companion case, State v. Berlin, 541 Wash.2d 133, 947 P.2d 700, presents the issue of whether jury instructions may be given for manslaughter when a defendant is charged with both felony murder and intentional or premeditated murder. In this case, the Court of Appeals reversed Defendant's second degree murder conviction, noting manslaughter is a lesser included offense of intentional murder and holding the evidence of diminished capacity supported giving jury instructions for manslaughter. See State v. Warden, 80 Wash. App. 448, 454-55, 909 P.2d 941 (1996). We affirm the Court of Appeals, relying on our opinion in State v. Berlin, 133 Wash.2d ____, 947 P.2d 700.

FACTS
Defendant Virginia Warden admitted to killing 81-year-old Clarazetta Standen by breaking a Mason jar over her head and stabbing her with a kitchen knife. The State charged Warden with first degree murder by the alternative means of premeditated murder, in violation of RCW 9A.32.030(1)(a), and felony murder with robbery as the underlying felony, in violation of RCW 9A.32.030(1)(c). At trial, the defense theory of the case was that Warden suffered from posttraumatic stress disorder resulting from abuse she had suffered at the hands of her son. Warden requested jury instructions on second degree murder and both first and second degree manslaughter.
The trial court instructed the jury on diminished capacity and second degree murder. *710 The court did not, however, give Warden's requested manslaughter instructions, on the ground there was no evidence to suggest the killing was either reckless or negligent. The jury found Warden not guilty of first degree murder, but guilty of second degree murder. Warden appealed the trial court's refusal to give a manslaughter instruction. On appeal, the parties agreed manslaughter can be a lesser included offense to murder, but the State argued no evidence existed in this case to support a manslaughter instruction. The Court of Appeals held the evidence of diminished capacity was enough to support a manslaughter instruction. See Warden, 80 Wash.App. at 454-55, 909 P.2d 941. Therefore, the Court of Appeals reasoned, the trial court should have instructed on both first and second degree manslaughter, and the refusal to give such instructions required reversal of the conviction. See Warden, 80 Wash.App. at 456, 909 P.2d 941.
The State moved for reconsideration on the basis that manslaughter is not a lesser included crime of first degree murder. The Court of Appeals denied reconsideration. The State then petitioned this court for review, asserting the Court of Appeals decision conflicts with this court's opinion in State v. Lucky, 128 Wash.2d 727, 912 P.2d 483 (1996). Warden answered, posing the additional issues of whether first and second degree manslaughter are inferior degree offenses of first or second degree murder and whether prosecutorial misconduct denied Warden a fair trial. We accepted review and set the case as a companion to State v. Berlin, 133 Wash.2d 541, 947 P.2d 700.

ANALYSIS
The issue is whether first and second degree manslaughter are lesser included crimes of first degree murder when the defendant is charged with both felony murder and premeditated murder and, therefore, whether manslaughter instructions should have been given to the jury in Warden's first degree murder trial.
We refer to our discussion in State v. Berlin, 133 Wash.2d 541, 947 P.2d 700. There, we based our decision on the test for lesser included offenses as set forth in State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978). We note we have previously held that neither first nor second degree manslaughter is a lesser included offense to first degree felony murder. State v. Dennison, 115 Wash.2d 609, 626-27, 801 P.2d 193 (1990). We also note we have previously held first and second degree manslaughter may be lesser included offenses to aggravated first degree premeditated murder. State v. Bowerman, 115 Wash.2d 794, 806-07, 802 P.2d 116 (1990). For the reasons stated in Berlin, we hold first and second degree manslaughter may be lesser included offenses of premeditated murder and instructions should be given to a jury when the facts support such an instruction. In other words, the first prong of the Workman test is satisfied.
We turn now to the second prong of the Workman test and analyze whether the evidence in this case supports an inference that the lesser crime was committed. We must determine whether the evidence presented affirmatively established either first or second degree manslaughter. If the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit him of the greater, a lesser included offense instruction should be given. Beck v. Alabama, 447 U.S. 625, 635, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980). As we stated in Berlin, the factual prong of the Workman test incorporates the rule that each side may have jury instructions embodying its theory of the case if there is evidence to support that theory. It is error to give an instruction not supported by the evidence. State v. Benn, 120 Wash.2d 631, 654, 845 P.2d 289 (1993).
First degree manslaughter is committed when a person recklessly causes the death of another person. RCW 9A.32.060(1)(a). Second degree manslaughter is committed when a person, with criminal negligence, causes the death of another person. RCW 9A.32.070.
RECKLESSNESS. A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful *711 act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation.
CRIMINAL NEGLIGENCE. A person is criminally negligent or acts with criminal negligence when he fails to be aware of a substantial risk that a wrongful act may occur and his failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable man would exercise in the same situation.
RCW 9A.08.010(1)(c), (d).
Diminished capacity is a mental condition not amounting to insanity which prevents the defendant from possessing the requisite mental state necessary to commit the crime charged. State v. Furman, 122 Wash.2d 440, 454, 858 P.2d 1092 (1993). In this case, the trial court instructed the jury that "[e]vidence of mental illness or disorder may be taken into consideration in determining whether the defendant had the capacity to premeditate and/or to form the intent to cause death and/or the intent to commit robbery." Clerk's Papers at 77.
Defendant's theory of the case was based solely on her diminished capacity. The only witness for the defense was Dr. John Liebert, a psychiatrist who specializes in aggression and trauma. Dr. Liebert testified about the physical and psychological abuse Warden suffered at the hands of her son. His theory was Warden suffered from posttraumatic shock disorder, which resulted in dissociative episodes. He stated it was his opinion that Warden lacked the mental capacity to form the intent to kill.
The evidence presented in this case supports an inference that the lesser crime was committed. The jury could have rationally found that Warden lacked the intent to kill, and yet find she acted recklessly or negligently in causing Standen's death. Indeed, the jury in this case, during deliberations, asked the court: "May we consider finding the defendant guilty of accidental manslaughter, assault resulting in death, or some other `lesser crime.'" Clerk's Papers at 100. Here, however, the jury was required to choose between convicting Warden of a greater offense or acquitting her. This precluded the Defendant from arguing her theory of the case. When the evidence supports an inference that the lesser included offense was committed, the defendant has a right to have the jury consider that lesser included offense. State v. Parker, 102 Wash.2d 161, 166, 683 P.2d 189 (1984). Refusal to give an instruction that prevents the defendant from presenting his theory that a killing was unintentional is reversible error. State v. Jones, 95 Wash.2d 616, 628 P.2d 472 (1981).
Because we affirm the Court of Appeals reversal of Warden's conviction and remand for a new trial, we need not address the issues of whether manslaughter is an inferior degree of murder and whether prosecutorial misconduct warranted a mistrial.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN and SANDERS, JJ., concur.
ALEXANDER, Justice (concurring).
This case is a companion to State v. Berlin, 133 Wash.2d 541, 947 P.2d 700, a case in which we expressly overruled our recent decision in State v. Lucky, 128 Wash.2d 727, 912 P.2d 483 (1996). For reasons I stated in my dissent in Berlin, I disagree with the result here. Nevertheless, I feel bound by principles of stare decisis to join the majority in following Berlin here. I regret that the majority in Berlin did not feel similarly obliged to observe that fundamental principle.
TALMADGE, Justice (dissenting).
I dissent from the majority opinion for the reasons articulated in my opinion in State v. Berlin, 133 Wash.2d 541, 947 P.2d 700 (Wash.1997).