# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47346-1-II |
| Respondent, | |
| v. | |
| DAVID JAMES KARLSON, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — We granted discretionary review of David James Karlson's driving under the influence conviction to determine whether the district court erred by denying his motion to suppress evidence.[1] We conclude the stop was lawful. We also find no merit to Karlson's challenge in his pro se statement of additional grounds for review (SAG) that the arresting officer drove negligently. We affirm.

## FACTS

Washington State Patrol Trooper Louis Worley observed a vehicle, driven by Karlson, weaving in its lane on a state highway at approximately 2:00 AM. Worley also observed the tires of the vehicle drift onto the fog line. He pulled behind the vehicle and observed it again cross the fog line, drift onto the shoulder, and then veer back into its lane. After "less than a minute" of observing Karlson's driving, Worley activated his emergency lights to initiate a traffic stop. Clerk's Papers (CP) at 146. Karlson abruptly pulled over in a "quick jerky motion," slamming on his brakes. CP at 106.

---

[1] The motion was made pursuant to CrRLJ 3.6

As Worley approached Karlson's vehicle, he detected a strong odor of intoxicants coming from inside the vehicle. Karlson admitted to drinking that evening. Karlson failed several field sobriety tests and Worley arrested him. Worley is specially trained in spotting impaired drivers. He has stopped approximately 1,000 suspected impaired drivers and has arrested over 200 of those individuals.

The State charged Karlson with driving under the influence—alcohol. Prior to trial, Karlson challenged the validity of the stop and filed a motion to suppress evidence seized following the traffic stop. The district court denied the motion, finding that Karlson crossed the fog line twice within 40 second at 2:00 AM and concluding that "there was [sic] observable facts sufficient to justify the stop." CP at 59. A jury subsequently found Karlson guilty. He appealed to the superior court which affirmed his conviction. We granted discretionary review.

ANALYSIS

RALJ 9.1 governs review of the district court's decision on appeal, both here and in the superior court. *State v. Daily*, 164 Wn. App. 883, 886, 265 P.3d 945 (2011). Under CrRLJ 3.6(b), the district court must "'*state* findings of fact and conclusions of law' supporting its ruling on a motion to suppress evidence," but is not required to enter written findings and conclusions. *State v. McLean*, 178 Wn. App. 236, 243, 313 P.3d 1181 (2013) (quoting *State v. Osman*, 147 Wn. App. 867, 881 n.8, 197 P.3d 1198 (2008)). We review the district court's oral findings and conclusions to determine whether the findings are supported by substantial evidence and whether those findings in turn support the conclusions of law. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). We review conclusions of law de novo. *Daily*, 164 Wn. App. at 886.

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution prohibit unreasonable seizures. *State v. Day*, 161 Wn.2d 889, 893, 168

P.3d 1265 (2007). A traffic stop is a seizure. *State v. Kennedy*, 107 Wn.2d 1, 4, 726 P.2d 445 (1986).

Warrantless seizures are per se unreasonable, unless an exception to the warrant requirement applies. *State v. Ladson*, 138 Wn.2d 343, 349, 979 P.2d 833 (1999). A traffic stop that is based on a police officer's reasonable suspicion of either criminal activity or a traffic infraction is an exception. *State v. Arreola*, 176 Wn.2d 284, 292-93, 290 P.3d 983 (2012). We review the totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior. *Ladson*, 138 Wn.2d at 358-59.

A reasonable suspicion exists when specific, articulable facts and rational inferences from those facts establish a substantial possibility that criminal activity or a traffic infraction has occurred or is about to occur. *State v. Snapp*, 174 Wn.2d 177, 197-98, 275 P.3d 289 (2012). We evaluate the totality of the circumstances when reviewing the lawfulness of a traffic stop. *State v. Doughty*, 170 Wn.2d 57, 62, 239 P.3d 573 (2010). Those circumstances may include the police officer's training and experience. *State v. Glover*, 116 Wn.2d 509, 514, 806 P.2d 760 (1991).

Karlson contends crossing the fog line twice in less than a minute does not raise a reasonable suspicion of criminal activity. *State v. McLean*, 178 Wn. App. 236, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014), is instructive.

In *McLean*, we upheld a traffic stop because the officer had a reasonable suspicion that McLean was driving under the influence. 178 Wn. App. at 245. The officer observed McLean's vehicle weave within its lane and cross onto the fog line three times. *McLean*, 178 Wn. App. at 245. These observations, coupled with the officer's training and experience in identifying driving under the influence, led us to hold it was rational for the officer to infer that a substantial possibility existed that McLean was driving under the influence. *McLean*, 178 Wn. App. at 245. That

3

substantial possibility established a reasonable suspicion which permitted the warrantless traffic stop. *McLean*, 178 Wn. App. at 245.

The court in *State v. Jones*, 186 Wn. App. 786, 788, 347 P.3d 483, 487 (2015), recently came to a different conclusion, but based on different facts. There, an officer, in her patrol car, followed Jones for about one mile. *Jones*, 186 Wn. App. at 788. She observed Jones's vehicle pass over the fog line approximately an inch three times. *Jones*, 186 Wn. App. at 788. The officer stopped Jones's vehicle due to erratic lane travel. *Jones*, 186 Wn. App. at 788. Jones agreed to perform field sobriety tests, which did not indicate intoxication. *Jones*, 186 Wn. App. at 788. Jones challenged the stop. *Jones*, 186 Wn. app. at 788-89. The State presented no evidence about the officer's training and experience in identifying impaired drivers nor was there evidence that the officer suspected the driver was impaired or that the officer stopped him for this reason. *Jones*, 186 Wn. App. at 793. The court held, "Because the State failed to justify its warrantless seizure of Jones, the trial court should have suppressed the evidence discovered because of that seizure." *Jones*, 186 Wn. App. at 794.

This case is more analogous to *McLean* than *Jones*. In both *McLean* and the present case, the officers observed the vehicles veer on more than one occasion. In both cases, the officers were specially trained in identifying impaired drivers. And in both, the officers stopped the drivers because of suspected impaired driving. *Jones*, on the other hand, involved an officer whose training in detecting impaired driving was not presented in evidence, and who, in fact, did not stop the driver for impaired driving.

Based on the totality of the circumstances, substantial evidence supports the district court's factual finding that Worley, based on his special training and experience, stopped Karlson's vehicle after observing it veer over the fog line on two occasions in less than a minute at 2:00 AM.

4

The district court properly considered both Worley's subjective intent as well as the objective reasonableness of his behavior in making the stop. The district court's factual findings support the conclusion that a reasonable suspicion of impaired driving justified the warrantless traffic stop. The district court did not err in denying the motion to suppress.

Lastly, in his SAG, Karlson argues the arresting officer drove negligently, prior to stopping Karlson, by tailgating and using excessively bright emergency lights. He, however, asserts facts not in our record. Issues that involve facts or evidence outside the record on appeal may not be raised through a statement of additional grounds. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). Nevertheless, we see no correlation between the officer's driving and Karlson's conviction.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Lee, P.J.

_____
Sutton, J.