FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 MAY 14 AM 8: 58

## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MORIAH SARGENT, | ) | No. 75775-0-I |
| Petitioner, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| STATE OF WASHINGTON, DEPARTMENT OF LICENSING, | ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) | FILED: May 14, 2018 |

SPEARMAN, J. — RCW 46.61.504 makes it a crime to be in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drugs (Physical Control). Subsection (2) of the statute provides an affirmative defense that applies to the crime and also "to any action pursuant to RCW 46.20.308 to suspend, revoke, or deny the privilege to drive if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway." In this case, a Washington State Patrol trooper arrested Moriah Sargent for violation of RCW 46.61.502, driving while under the influence of intoxicating liquor or any drugs or both (DUI). She refused a breath test. At a hearing to revoke her driver's license,[1] the hearing officer denied her request to

---

[1] Under RCW 46.20.308, the Department of Licensing (DOL) has the authority to revoke a person's right to drive if a law enforcement officer arrests the person having reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drugs or both and the arrested person refuses to submit to a breath test.

assert the "safely off the road" affirmative defense because she was arrested for DUI and not Physical Control. He revoked her driver's license. On appeal, Sargent argues that the hearing officer erred because RCW 46.61.504(2) states that the defense applies "to any action pursuant to RCW 46.20.308." She contends that "any action" includes any action to revoke her license whether based on an arrest for DUI or Physical Control. The Department argues that "any action" is limited to an action resulting from an arrest for actual physical control. It points out that the defense is only expressly set out in the statute making actual physical control a crime and that it does not appear in the DUI statute.

Because of the particular facts of this case we need not decide whether the affirmative defense would apply to a person for whom there was only probable cause to arrest for DUI. Here, it is undisputed that probable cause existed to arrest Sargent for both DUI and actual physical control. The trooper could have arrested her for either crime but chose to arrest her for DUI. On these facts, we conclude that Sargent's revocation proceeding fell within the meaning of "any action pursuant to RCW 46.20.308" and that the affirmative defense was available to her. In addition, since Sargent's request to present the affirmative defense was denied, we will not speculate on whether the evidence would have been sufficient to sustain the defense or what other evidence may have been presented in support of the defense. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

In the early morning hours of January 23, 2016, a Washington State Patrol trooper saw a car stopped on the shoulder of Interstate 90. The trooper pulled over to see if anyone needed assistance. There, Moriah Sargent was standing beside the vehicle with keys in her hand talking on a cell phone. The front right tire was flat and damaged, leading the officer to believe that Sargent drove a long distance with a flat tire. A tire jack was on the passenger seat and a tire wrench was attached to a lug nut on the tire rim.

Sargent admitted that she hit a curb, causing the flat tire. She smelled of alcohol and had watery, bloodshot eyes. Her speech was slurred and she was unsteady on her feet. She said she drank one beer. Sargent first agreed to perform field sobriety tests, but then changed her mind and refused. She was arrested on suspicion of driving under the influence and refused to perform any breath tests.

Based on Sargent's breath test refusal, the Department of Licensing (Department) notified her that it intended to revoke her driving privilege for one year under the implied consent statute, RCW 46.20.308(a)(i). Sargent requested an administrative hearing to challenge the decision. At the hearing, she argued that she had an affirmative defense to the license suspension because she was parked safely off the roadway. The hearing officer rejected the defense finding that it was legally unavailable to Sargent because of her arrest for DUI and not Physical Control. He also found that although there was "likely" probable cause to arrest for Physical Control, the affirmative defense would have been denied

3

because the evidence did not support that Sargent safely moved her vehicle off the roadway. Department of Licensing Implied Consent, Findings of Fact, Conclusions of Law & Final Order at 4. The hearing officer sustained the license revocation. The superior court affirmed the revocation and this court granted discretionary review.

## DISCUSSION

Sargent argues that the trial court erred by rejecting her defense that she safely moved her car off the roadway. She contends that this affirmative defense is available to any administrative action to revoke the privilege to drive under RCW 46.61.504, which criminalizes physical control of a vehicle while under the influence. The Department argues that the safely off the road defense is available only to those arrested for Physical Control, so Sargent could not avail herself of the defense because she was arrested for DUI.

We review an administrative license revocation from the same position as the superior court. Clement v. Dep't of Licensing, 109 Wn. App. 371, 374, 35 P.3d 1171 (2001) (citing Walk v. Dep't of Licensing, 95 Wn. App. 653, 656, 976 P.2d 185 (1999)). Our review is limited to determining whether the Department has committed any errors of law and whether the findings of fact are supported by substantial evidence in the record. RCW 46.20.308(8).

The meaning of a statute is a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). When possible, we derive the legislative intent of a statute solely from the plain language enacted by the legislature, considering the text of the provision in

4

question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (citing State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010)). If more than one interpretation of the plain language is reasonable, then the statute is ambiguous and we must construe it. Id. We may then rely on rules of statutory construction, legislative history, and relevant case law to discern legislative intent. Ervin, 169 Wn.2d at 820.

The Department must suspend the license of a person arrested for DUI or Physical Control who refuses to submit to a breath test. RCW 46.20.308(5). A driver may request an administrative hearing to challenge the revocation. RCW 46.20.308(7). It was at this hearing that Sargent asserted the affirmative defense that she was safely off the road. The safely off the road defense is codified in the Physical Control statute:

> The fact that a person charged with a violation of this section is or has been entitled to use a drug under the laws of this state does not constitute a defense against any charge of violating this section. **No person may be convicted under this section and it is an affirmative defense to any action pursuant to RCW 46.20.308 to suspend, revoke, or deny the privilege to drive if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway.**

RCW 46.61.504(2) (emphasis added). While this statute has long allowed the safely off the road defense in Physical Control criminal proceedings, it was only in 2015 that the legislature amended it to permit the defense for administrative license revocation proceedings. Prior to the amendment, it was well established that the safely off the road defense did not apply to DUI criminal proceedings.

5

State v. Votava, 149 Wn.2d 178, 186, 66 P.3d 1050 (2003); State v. Daily, 164 Wn. App. 883, 889, 265 P.3d 945 (2011).

Sargent argues that the plain language of the amended Physical Control statute allows the safely off the road defense for all administrative license revocations under the implied consent statute, including revocations based on a DUI arrest like hers. The Department contends that, despite the statute's inclusive language, the text of the provision, as well as the statutory scheme as a whole, demonstrate an intent to limit application of the defense to the Physical Control statute. Thus, it argues "[b]ecause Sargent was arrested for DUI, she was not entitled to assert the safely off the roadway affirmative defense. . . ." Brief of Resp't at 7.

Neither argument is persuasive however, because both rest on the premise that the arresting officer's decision to arrest for one crime or the other controls the availability of the defense. This is incorrect. The hearing officer is not bound by the arresting officer's decision to arrest for one offense and not the other. The issue before the hearing officer is whether there were reasonable grounds to arrest for either offense. This is an issue of law that is properly decided by a judicial officer, not by law enforcement. The existence of probable cause is determined based on an objective view of the known facts, and is not dependent upon the officer's subjective belief or the officer's ability to correctly articulate his or her suspicion in reference to a particular crime. State v. Mitchell, 80 Wn. App. 143, 147, 906 P.2d 1013 (1995). Thus, regardless of the officer's stated choice to arrest for DUI, the hearing officer must decide as a matter of law

whether the facts are sufficient to support probable cause for DUI or Physical Control or, as in this case, both.

The parties dispute, whether the defense is unavailable where, as here, there are reasonable grounds to arrest for DUI. But there is no dispute that the defense is available where there are reasonable grounds to arrest for Physical Control. Here, the trooper chose to arrest Sargent for DUI and the hearing officer correctly determined there was probable cause to do so. But, the hearing officer also found there was probable cause to arrest her for Physical Control. In light of this undisputed finding, under the statute, the affirmative defense was clearly available to Sargent. Even if the Department is correct in its reading of the statute, we see no reason why the finding of probable cause as to DUI would make Sargent ineligible to assert the defense when there was also probable cause to arrest her for Physical Control. This is particularly so in view of the statute's broad, inclusive language that it applies to "any action pursuant to RCW 46.20.308. . . ." RCW 46.61.504(2).

The hearing officer also found that even if the affirmative defense were available to Sargent, it would have been denied. But because the defense was unavailable to Sargent at the hearing, we decline to speculate on whether the evidence was sufficient or on what other evidence she may have presented had the defense been allowed.

Reversed and remanded.

WE CONCUR:

Specman, J.

Trickey, J

Becker, J