**FILED**
**JULY 7, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37912-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAY JAY FRANETICH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Under RCW 10.61.006, a defendant may hold the right to a lesser included offense instruction to the jury depending on the circumstances. In this appeal, we address whether Ray Franetich's conduct supported the giving of a jury instruction for second degree criminal trespass as a lesser included offense of second degree burglary. We hold in the negative and affirm Franetich's conviction for second degree burglary.

FACTS

We glean the facts from trial testimony. R and R Garage is a Spokane automotive repair shop. A fence encompasses the entirety of R and R's land. The premises displays multiple no trespassing signs.

Shortly before 1:00 a.m. on November 18, 2018, Dennis Swanson, R and R's neighbor, called 911 and reported a banging noise radiating from the shop. Swanson described the noise as a hammer smashing a vehicle. Swanson saw the silhouette of a person walking on R and R's lot.

Spokane Police Department Officers Reid Carrell and Zachary Johnson arrived at R and R within minutes of Dennis Swanson's call to 911. Officers Carrell and Johnson walked toward a Saab parked within the fence's perimeter and in the location where Swanson had seen someone. Officers found frost on the vehicle, but the vehicle's hood was warm, and its rear window was recently defrosted. The pair noticed the car's tail lights to be shattered with the lights' glass resting on the ground.

Officers Reid Carrell and Zachary Johnson espied Ray Franetich inside the Saab. Officer Carrell assumed that Franetich had started the vehicle. On questioning, Franetich stated that he entered R and R's premises by crawling through the fence. He justified his being inside the car as a method to warm himself. He denied damaging the car's tail lights. Franetich admitted that he lacked permission to be on the property. The owner

2

and manager of R and R, Denean Reedy, confirmed that Franetich lacked permission to be on the premises.

Officers Reid Carrell and Zachary Johnson searched the clothing of Ray Franetich and seized three car keys in his possession. Two of the keys belonged to R and R. One key fit an inoperative vehicle on the premises. The other key operated a vehicle R and R had sent to a transmission shop for service. The third key belonged to a Toyota that did not belong to R and R. R and R kept car keys in a lock box inside the shop, although the keys Franetich possessed could have been left inside the two vehicles.

The Saab, in which Ray Franetich sat, had become inoperable in front of R and R Garage's building. With permission from R and R, the vehicle's owner left the Saab with R and R until he could return in two days.

PROCEDURE

The State of Washington charged Ray Franetich with one count of second degree burglary and two counts of bail jumping. The bail jumping charges arose in connection with his failure to appear at a hearing on the burglary charge. On the second day of a jury trial, Franetich pled guilty to the two counts of bail jumping.

At the conclusion of trial testimony, Ray Franetich requested that the trial court instruct the jury on second degree criminal trespass as a lesser included offense of second degree burglary. Franetich outlined the two-part test needed for a lesser included offense jury instruction as announced by the Washington Supreme Court in *State v. Workman*, 90

3

Wn.2d 443, 447-48, 584 P.2d 382 (1978). Franetich contended the elements of criminal

trespass echoed the elements of burglary. He added that the facts supported an inference

that he committed the crime of second degree criminal trespass to the exclusion of second

degree burglary. The State denied that Franetich satisfied either of the two prongs.

The trial court asked defense counsel whether, under *State v. Workman*, the second

prong of the test simply required evidence to support an "inference," as opposed to a

"reasonable inference," that the accused committed the lesser included offense. Report of

Proceedings (Oct. 10, 2020) (RP) at 142. Counsel answered that the defense need not

show a reasonable inference. Defense counsel highlighted that the *Workman* opinion did

not insert the adjective "reasonable" into its elucidation of the test. RP at 142.

The trial court concluded that the defense failed to establish either of the two

*Workman* prongs and refused to deliver a lesser included offense instruction. The court,

when applying prong two of the *Workman* analysis, reasoned that the evidence must

support a "reasonable inference" that Ray Franetich committed only the lesser included

offense for the instruction to be appropriate. RP at 146. The court resolved that, based

on undisputed evidence, no reasonable person could conclude that Franetich only

committed trespass. The trial court highlighted that Franetich possessed stolen keys. The

court recognized Franetich's defense that someone else could have been present on the

premises of R and R in the early morning hour, but the court deemed this possibility

highly improbable. The court also reckoned that, assuming the presence of an

undiscovered person, Franetich must have been the phantom's accomplice.

The jury found Ray Franetich guilty of burglary in the second degree.

LAW AND ANALYSIS

On appeal, Ray Franetich argues that the trial court breached his constitutional right to due process by denying his request for a lesser included jury instruction on criminal trespass. Franetich contends that satisfying the elements of second degree burglary necessarily satisfies the elements of second degree criminal trespass. He further argues that evidence at trial would have allowed the jury to convict him only of criminal trespass.

The State responds that criminal trespass is not a lesser included offense of burglary, because the legal elements of trespass do not correspond to the elements of burglary. The State also argues that trial testimony did not support a finding that Ray Franetich only committed trespass. We agree with the State's second argument. Because the accused must fulfill both elements of the *Workman* test, we avoid addressing the attractive and enthralling question of whether, under the elements of the respective crimes, second degree criminal trespass serves as a lesser included offense of second degree burglary.

In *State v. Workman*, 90 Wn.2d 443, 447-48 (1978), the high court outlined a two-prong analysis for determining whether the court must grant a request for a lesser included offense instruction:

Under the Washington rule, a defendant is entitled to an instruction on a lesser included offense if two conditions are met. First, each of the elements of the lesser included offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.

(Internal citations omitted.)

Under the first prong of the test (the legal prong), the court asks whether the lesser included offense consists solely of elements that are necessary to conviction of the greater, charged offense. Under the second (factual) prong, the court asks whether the evidence presented in the case supports an inference that *only* the lesser offense was committed, to the exclusion of the greater, charged offense.

*State v. Condon*, 182 Wn.2d 307, 316, 343 P.3d 357 (2015) (internal citations omitted).

The party requesting the lesser included offense instruction is entitled to the instruction, only on satisfaction of both prongs of the *Workman* test. *State v. Condon*, 182 Wn.2d 307, 316 (2015).

The court should deliver a lesser included offense instruction "'if the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit him of the greater.'" *State v. Fernandez-Medina*, 141 Wn.2d 448, 456, 6 P.3d 1150 (2000) (*quoting State v. Warden*, 133 Wn.2d 559, 563, 947 P.2d 708 (1997)). To determine whether the evidence suffices to support the giving of an instruction, we view the evidence in the light most favorable to the party requesting the instruction. *State v. Henderson*, 182 Wn.2d 734, 742, 344 P.3d 1207 (2015); *State v. Fernandez-Medina*, 141 Wn.2d 448, 455-56 (2000). The evidence must "affirmatively establish the defendant's

theory of the case—it is not enough that the jury might disbelieve the evidence pointing to guilt." *State v. Fernandez-Medina*, 141 Wn.2d at 456.

Because of the qualification that the jury must rationally find the defendant guilty only of the lesser offense, we agree with the trial court that the court should draw only reasonable inferences. Otherwise, the party requesting the instruction could posit innumerable improbable scenarios to force the delivery of the lesser included offense instruction. For example, Ray Franetich could postulate that, at midnight, an airborne helicopter unexpectedly fluttered overhead and surprisingly dropped him the keys to the Saab and two other keys.

Spokane Police Department Officers Reid Carrell and Zachary Johnson found Ray Franetich situated unlawfully on R and R's property, where he sat without permission in a vehicle, with broken tail lights. The officers discovered three car keys, apart from the Saab key, in Franetich's possession, none of which belonged to him. No affirmative evidence supported Franetich's theory that another individual, present concurrently yet separately from him on the repair shop premises, damaged the Saab, stole the keys, and unpredictably tendered him the keys. The affirmative evidence demonstrated that, not only did Franetich commit more than just criminal trespass, he committed second degree burglary.

We review the trial court's decision regarding the factual prong of

the *Workman* rule for abuse of discretion. *State v. Henderson*, 182 Wn.2d 734, 743

(2015). The trial court did not abuse its discretion.

CONCLUSION

We affirm Ray Franetich's conviction for second degree burglary.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.


WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.