IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38573-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRANDON ROBERT HANKEL, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Brandon Hankel appeals his bench trial conviction of burglary in the second degree with sexual motivation. We are unpersuaded by the three arguments he raises on appeal and affirm the trial court.

FACTS

In September 2019, a physical education teacher was working alone in her Kennewick High School office, located in the school's annex gym. At approximately 8:00 a.m., Brandon Hankel entered the annex just steps away from her office. He was not permitted to be on the property, having been previously trespassed.

As Mr. Hankel approached the teacher's office, she asked if she could help him. He asked her for the time. The teacher said the time was 8:03, and Mr. Hankel

responded, "'what?'" Clerk's Papers (CP) at 42. She then got up from her desk, approached Mr. Hankel, and showed him her watch and repeated the time. At this point, she was standing just inside the open door to her office and he was one or two feet away from her.

Mr. Hankel turned and looked at her in a way that unnerved her. He then put his hands on the frame of the open door, leaned and told her: "'I want to fuck you.'" CP at 42. The gym teacher immediately backed away and slammed her office door shut. Mr. Hankel continued to look at her through the glass pane of the office door.

The teacher immediately picked up her office phone and called for help. Mr. Hankel fled the building and as he headed off school grounds, the school resource officer, Michael Rosane, gave chase. Officer Rosane knew of Mr. Hankel and began calling out his name, commanding him to stop. He eventually arrested Mr. Hankel after finding him hiding in a pile of leaves on the side of a residence. While being arrested, Mr. Hankel repeated multiple times: "'I just asked her what time it was, and she freaked out.'" CP at 43.

Officer Rosane contacted the teacher about a half-hour after her encounter with Mr. Hankel. The resource officer could tell she was distraught and visibly crying.

*Procedure and motions*

The State charged Mr. Hankel with burglary in the second degree with sexual motivation. Mr. Hankel later waived his right to a jury trial.

During pretrial motions, the State moved to admit evidence of a common scheme or plan under ER 404(b). Mr. Hankel filed a motion in limine and objected to the State's proffered ER 404(b) evidence. At the start of Mr. Hankel's bench trial, the trial court heard argument on the ER 404(b) evidence and ruled it was admissible.

The trial court entered separate findings of fact on the ER 404(b) evidence, which are unchallenged on appeal. The court found that on a prior occasion in 2013, Mr. Hankel contacted J.A. in the parking lot of Kennewick City Hall in the early morning. Ms. A. was alone with no one else around. As she was about to start her work day, Mr. Hankel approached. They had never met before and there was no reason for Mr. Hankel to approach her in the parking lot. At that point, Mr. Hankel said to her: "'Is this the place I'm going to fuck you?'" CP at 36. Ms. A. was scared Mr. Hankel intended to sexually assault her, so she hurried inside the city building. He followed her, causing her to further fear for her safety.

*Trial*

The State called a number of witnesses: the officer who trespassed Mr. Hankel from the school property, the physical education teacher, two teachers who witnessed Mr. Hankel on campus, and Officer Rosane.

The physical education teacher described her encounter with Mr. Hankel and testified she had never been so scared or felt more vulnerable in her life. Similarly, Ms. A. testified about being "terrified" and thinking that Mr. Hankel was going to hurt her. Report of Proceedings (Oct. 28, 2021) (RP) at 84.

At the close of the State's case, the defense unsuccessfully moved to dismiss the charge. The defense rested without presenting evidence, and both sides presented closing arguments to the court.

The State argued that it had proved unlawful entry because Mr. Hankel had been trespassed from the school building and described the dispositive issue as whether it had established beyond a reasonable doubt that Mr. Hankel intended to commit a crime in the building. The State argued it had presented sufficient evidence of this, explaining that Mr. Hankel confronting the teacher, alone, and saying "'I want to fuck you'" established an intent to cause reasonable apprehension of fear for her safety, i.e., an assault.

Defense counsel argued the State had failed to prove that Mr. Hankel intended to commit a crime in the building. Counsel argued: "This at the very most is a criminal trespass in the second degree. We've said that all along. There's just no intent to commit a crime therein that has been proven by the state beyond a reasonable doubt. We'd ask for a verdict of not guilty." RP at 98.

After closing arguments, the trial court made comments before announcing its decision. The court said it thought there was certainly a crime committed and that it would be trespass in the first degree. Defense counsel then, responding to a question from the court, explained she thought criminal trespass in the second degree was the lesser included offense to second degree burglary. The court disagreed and discussed the elements of criminal trespass in the first degree to explain why that offense was the correct lesser included offense. The court continued:

> THE COURT: . . . But this might be irrelevant anyway. My understanding, correct me if I'm wrong, but . . . criminal trespass in the first degree has not been charged as an alternative offense on this, and it certainly has not been requested, unless you're asking me to consider it, [Defense Counsel], as a lesser-included offense.
> [Defense Counsel]: Your Honor, we are not making that request.
> . . . .
> THE COURT: . . . So I think that there definitely was an offense here. I think it was criminal trespass in the first degree was actually committed on this, but that hasn't been charged, and it hasn't been requested as a lesser included . . . so the Court can't convict on that

5

basis . . . . I think that [Mr. Hankel] unlawfully entered or remained in that building because of the fact that he wished at that point in time to address somebody in a sexual nature. I think that the prior [ER] 404(b) evidence the Court allowed clearly shows showed [sic] that that's what his intent was. It was to address or confront a female and make a sexual comment to her that would scare that person out of their wits. . . .

RP at 99-100.

The trial court found Mr. Hankel guilty of burglary in the second degree with sexual motivation. It later entered separate written findings of fact and conclusions of law. Relevant here, the court found:

34.    Therefore, as shown by his actions, by both in this case and the prior incident on May 1, 2013, [Mr. Hankel] unlawfully entered and remained in the Kennewick High School Annex Building with the intent to cause fear and apprehension in another that he was going to sexually assault them, and he did this for his own sexual gratification.

CP at 45. The court found that the elements of burglary in the second degree with notice of a sexual motivation allegation were satisfied beyond a reasonable doubt, convicted Mr. Hankel of the charged crime, and later sentenced him to 84 months of confinement and 36 months of community custody.

Mr. Hankel timely appealed.

ANALYSIS

A.    SUFFICIENCY OF EVIDENCE

Mr. Hankel contends the State presented insufficient evidence to sustain his conviction for burglary in the second degree. Specifically, he contends the State failed to prove beyond a reasonable doubt he had the specific intent to create apprehension of imminent bodily harm in the gym teacher when he said, "'I want to fuck you.'" We disagree.

*Standard of review*

To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Specifically, following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005).

"Substantial evidence" is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise. *Id*. In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can

7

be drawn from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992); *State v. Drum*, 168 Wn.2d 23, 35, 225 P.3d 237 (2010). These inferences "must be drawn in favor of the State and interpreted most strongly against the defendant." *Salinas*, 119 Wn.2d at 201. Further, we must defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence. *State v. Trout*, 125 Wn. App. 403, 409, 105 P.3d 69 (2005).

> *Intent to commit the crime of assault*

A person is guilty of burglary in the second degree if he or she enters or remains unlawfully in a building other than a vehicle or a dwelling, with the intent to commit a crime against a person or property therein. RCW 9A.52.030(1). Assault is one such type of crime against a person. Washington defines "assault" according to the common law and recognizes three alternative means for committing assault: (1) battery, (2) attempted battery, and (3) creating apprehension of bodily harm. *State v. Miller*, 197 Wn. App. 180, 186, 387 P.3d 1135 (2016).

The third definition is at issue here. Under that definition, an actor commits assault by putting another in apprehension of harm, whether or not the actor actually intends to inflict the harm. *Id.* (quoting *State v. Frazier*, 81 Wn.2d 628, 631, 503 P.2d 1073 (1972)). The actor, however, must act with the intent to create that apprehension.

*Id*. (citing *State v. Krup*, 36 Wn. App. 454, 458-59, 676 P.2d 507 (1984)). The actor's conduct must go beyond mere threats; there must be some physical action that, under all the "'circumstances of the incident, are sufficient to induce a reasonable apprehension by the victim that physical injury is imminent.'" *Id*. (quoting *State v. Maurer*, 34 Wn. App. 573, 580, 663 P.2d 152 (1983)).

We now look at the circumstances of the incident and whether Mr. Hankel's conduct went beyond mere threats. Mr. Hankel approached the gym teacher's office early in the morning, saw she was alone, stood in front of her office doorway, put his hands on the door frame, and said "'I want to fuck you.'" Here, Mr. Hankel's threat went beyond mere words. He approached a woman isolated in her office, stood in the doorway, and blocked her exit with his hands on the door frame.

A rational fact finder could find the challenged element—specific intent to create in another imminent fear of bodily harm—proved beyond a reasonable doubt. Circumstantial evidence is entitled to as much weight as direct evidence. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Although there is no direct evidence that Mr. Hankel wished to frighten the gym teacher, there is substantial circumstantial evidence he did. He had done something similar before, and he knew how a woman would react to him getting physically very close and telling her that he wanted to fuck her. The reaction

9

is fear of bodily harm. We conclude the State presented sufficient evidence to sustain Mr.

Hankel's conviction.

> B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Hankel contends he was denied effective assistance of counsel because

counsel failed to request that the trial court consider a lesser included offense. We

disagree.

Criminal defendants have a constitutionally guaranteed right to effective assistance

of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lopez*, 190

Wn.2d 104, 115, 410 P.3d 1117 (2018). Claims of ineffective assistance of counsel are

reviewed de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

Washington follows the *Strickland*[1] standard for reversal of criminal convictions

based on ineffective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d

1260 (2011). A defendant bears the burden of showing that (1) his counsel's performance

fell below an objective standard of reasonableness based on consideration of all the

circumstances and, if so, (2) there is a reasonable probability that but for counsel's poor

performance the outcome of the proceedings would have been different. *See id*. at 32-35.

If either prong is not satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

P.3d 177 (2009).

With regard to the first prong, a defendant must overcome a strong presumption that counsel's performance was reasonable and when counsel's conduct can be characterized as a legitimate trial strategy, performance will not be deemed deficient. *State v. Breitung*, 173 Wn.2d 393, 398, 267 P.3d 1012 (2011). To rebut this presumption, the defendant bears the burden of establishing the absence of any conceivable legitimate tactic explaining counsel's performance. *Grier*, 171 Wn.2d at 33.

The inclusion or exclusion of lesser included offense instructions is a tactical decision for which defense attorneys require significant latitude, and the complex interplay between the attorney and the client in this arena leaves little room for judicial intervention. *See id.* at 39-40. Both in *Grier* and in *Breitung*, our Supreme Court rejected arguments that defense trial counsel provided ineffective assistance by pursuing an all-or-nothing strategy. *Id.* at 42-43; *Breitung*, 173 Wn.2d at 399.

Mr. Hankel relies heavily on *State v. Classen*, 4 Wn. App. 2d 520, 539-40, 422 P.3d 489 (2018), a Division Two of this court case that we recently criticized in *State v. Conway*, No. 38198-6-III, slip op. at 9-11 (Wash. Ct. App. Oct. 27, 2022), https://www.courts.wa.gov/opinions/pdf/381986_pub.pdf. The *Classen* court held that trial counsel was ineffective by failing to request a lesser included instruction in a

11

situation where defense counsel admitted to the jury that an uncharged crime had been committed. 4 Wn. App. 2d at 541-42. In so holding, the *Classen* court relied on the following language in *Grier*: " " " [w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction. " ' " *Classen*, 4 Wn. App. 2d at 541 (quoting *Grier*, 171 Wn.2d at 36) (quoting *State v. Grier*, 150 Wn. App. 619, 643, 208 P.3d 1221 (2009), *vacated by*, 171 Wn.2d 17)). The *Classen* court took the quoted language out of context. The Supreme Court in *Grier* reversed the appellate court's decision and explicitly disagreed with the quoted language from the appellate court's opinion. 171 Wn.2d at 36, 40-42. The Supreme Court in *Grier* went on to explain that defense counsel was *not* deficient when electing an all-or-nothing strategy because counsel made sound arguments why the charged offense had not been proved beyond a reasonable doubt. *Id.* at 42-43.

Similarly, here, trial counsel made sound arguments why the charged offense had not been proved beyond a reasonable doubt. There was no direct evidence of Mr. Hankel's intent. His actions could be explained as the actions of a person who does not understand how his strange behavior could affect others. The State likely presented the ER 404(b) evidence to rebut this argument.

12

Mr. Hankel argues his trial counsel was confused because she thought the lesser

included offense for burglary in the second degree was trespass in the second degree. We

agree trial counsel was confused on this point. The lesser included offense for burglary in

the second degree is trespass in the first degree. *State v. Olson*, 182 Wn. App. 362, 375,

329 P.3d 121 (2014) (criminal trespass in the *first* degree is a lesser included offense of

burglary in the second degree); *see also State v. Mounsey*, 31 Wn. App. 511, 517-18, 643

P.2d 892 (1982) (criminal trespass in the *second* degree is not a lesser included offense of

burglary in the second degree). But as explained below, we do not see how trial counsel's

confusion resulted in prejudice to Mr. Hankel.

C.     ABUSE OF DISCRETION

Mr. Hankel argues the trial court abused its discretion by believing it lacked the

authority to consider the lesser included offense.

A trial court abuses is discretion if it erroneously believes it lacks discretion on a

subject. *State v. Gaines*, 16 Wn. App. 2d 52, 57, 479 P.3d 735 (2021). Here, the trial

court believed it could not consider the correct lesser included offense of trespass in the

first degree because defense counsel would not authorize it. There is some confusion on

this point of law.

One line of authority suggests that the trial court, as the trier of fact, is not constrained by jury instructions and may consider the charged offense as well as any lesser included offense. *State v. Peterson*, 133 Wn.2d 885, 892-93, 948 P.2d 381 (1997). This is because RCW 10.61.003 and RCW 10.61.006 notify a defendant charged with a crime that they may also be tried on a lesser degree or a lesser included offense. *Id.*; *see also In re Pers. Restraint of Heidari*, 159 Wn. App. 601, 609-10, 248 P.3d 550 (2011), *aff'd*, 174 Wn.2d 288, 274 P.3d 366 (2012).

More recent authority casts doubt that trial courts may consider a lesser included offense in the absence of a request from defense counsel. In persuasive dicta, the *Grier* court described a rule that would allow a trial court to insert itself in such a manner as "an unjustified intrusion into the defense prerogative to determine strategy . . . ." 171 Wn.2d at 45.[2]

Rather than resolve this issue, we simply conclude that the trial court's understanding of the law, whether correct or not, was inconsequential to its verdict. Before a trier of fact may consider a lesser charge, it must first consider and find that the

---

[2] Imagine if the trial court here would have considered the lesser charge even after defense counsel insisted it not and went on to find Mr. Hankel guilty only of trespass in the first degree. Mr. Hankel would have appealed and cited the persuasive dicta in *Grier*. Having gambled and won, he would have had a legitimate argument that the house failed to pay up.

State has failed to prove the charged offense beyond a reasonable doubt. *State v. Daily*, 164 Wn. App. 883, 888, 265 P.3d 945 (2011). Here, the trial court found that the State had proved the charged offense beyond a reasonable doubt. It would have convicted Mr. Hankel of the charged offense and never would have considered the lesser offense.

Mr. Hankel argues the trial court expressed its willingness to convict him of criminal trespass in the first degree and possibly would have found differently on the charged offense had it known it had the ability to consider the lesser offense. This argument requires us to assume something that *Grier* refused to assume. The argument "assume[s] that the [trier of fact] would not hold the State to its burden in the absence of a lesser included [alternative]." *Grier*, 171 Wn.2d at 41. The *Grier* court instead presumed that the trier of fact would follow the law and would not have reached the lesser included offense because it convicted on the charged offense. *Id.*

Similarly, here, we must assume the trial court would have followed the law and not reached the lesser included offense because it convicted Mr. Hankel of the charged offense.

15

No. 38573-6-III
*State v. Hankel*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                          Pennell, J.